UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY AND ANNUITY SAVINGS FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, <br>  Plaintiffs <br><br> vs. <br><br> MOORE'S CRANE RENTAL CORP. and HADLEY MOORE, <br> Defendants <br><br> and <br><br> KENNEBUNK SAVINGS BANK, <br> Trustee | C.A. No. 05-10031 DPW |

## AFFIDAVIT OF JAMES BUCCI

1. My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2. On or about October 12, 2002, defendant Moore's Crane Rental Corp. ("Moore's") agreed in writing to be bound to the terms of a collective bargaining agreement with

the International Union of Operating Engineers Local 4 ("the Union"), effective from October, 2002 through May, 2004 ("the Agreement") and to any successor agreements.

3. The Agreement requires Moore's to make contributions to Plaintiff Funds and to the Social Action Committee ("SAC"), in amounts set forth in the Agreement, for each payroll hour and proportionately for each part of such an hour for each person covered by the Agreement and employed on construction projects on which the Company is engaged. Pursuant to the Agreement, Moore's is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

4. Further, the Agreement obligates Moore's, upon written authorization by its employees, to withhold an amount from the employee's gross wage, before taxes, for deposit in the Annuity & Savings 401(k) Fund.

5. According to the reports and payments Moore's has submitted to the Funds, it failed to pay certain health and welfare and annuity contributions during the period December, 2002 through December, 2003 and owes $3,245.86 as a result. Moore's also failed to pay any contributions for the period July through November, 2004 and, as a result, now owes $75,464.00 in delinquent contributions for that period.

6. If this combined amount of $78,709.86 in unpaid fringe benefit contributions had been paid by December 31, 2004, Moore's would owe the Funds $7,262.04 in interest thereon.

7. Moore's also owes $14,532.02 in interest on contributions that have previously been paid late.

8. The Funds sent Moore's a letter dated November 30, 2004, in which we sought payment of these delinquent contributions and interest. However, to date, Moore's has failed to pay the Funds the contributions and interest that remain due and owing.

9. Further, Moore's deducted dues from its employees' paychecks during the period July through November, 2004 and failed to remit them to the Union. As a result, it owes the Union $3,532.15 in dues for this period. Moore's also owes $124.09 in dues it deducted but failed to pay during the period December, 2002 through December, 2003.

10. Moore's is also obligated under the Agreement to make contributions to the SAC Fund. According to its remittance reports, it owes the Funds $384.13 in contributions to the SAC Fund for the period July through November, 2004. It also owes $129.05 in contributions to the SAC Fund that it failed to pay between December, 2002 and December, 2003.

11. Further, between December, 2002 and December, 2003 Moore's deducted $2,576.50 from the pay of employee Gerald Glidden but forwarded only $2,304.45 to the 401(k) Fund, leaving a balance due of $272.05.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22 DAY OF JANUARY, 2005.

*James Bucci*

ARS/gag&ts
3118 05-016/affbucci.doc

3