## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY AND
ANNUITY SAVINGS FUNDS, and LOUIS G.
RASETTA and CHRISTOPHER BARLETTA, as they
are TRUSTEES, HOISTING AND PORTABLE
ENGINEERS LOCAL 4 APPRENTICE AND
TRAINING FUNDS and the INTERNATIONAL            C.A. No. 05.10031 DPW
UNION OF OPERATING ENGINEERS LOCAL 4,
                    Plaintiffs

vs.

MOORES CRANE RENTAL CORP. and HADLEY
MOORES,
                    Defendants

and

KENNEBUNK SAVINGS BANK,
                    Trustee.

### DEFENDANTS' ANSWER TO COMPLAINT

The defendants, Moores Crane Rental Corp. and Hadley Moores (collectively

"Moores"), answer Plaintiffs' complaint as follows:

### NATURE OF COMPLAINT

1.      Paragraph 1 of Plaintiff's complaint contains no factual allegations to

which a response is required; but, to the extent that a response is required, Moores admits

only that Plaintiffs seek to commence these proceedings pursuant to the Employee

Retirement Income Security Act of 1974 and the Labor Management Relations Act.

**JURISDICTION**

2.     Paragraph 2 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies the same.

**PARTIES**

3.     Moores is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences of paragraph 3 of Plaintiffs' complaint and, therefore, denies the same.  The second sentence of paragraph 3 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence and, therefore, denies the same.

4.     Moores is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences of paragraph 4 of Plaintiffs' complaint and, therefore, denies the same.  The second sentence of paragraph 4 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence and, therefore, denies the same.

5.     Moores is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences of paragraph 5 of Plaintiffs' complaint and, therefore, denies the same.  The second sentence of paragraph 5

of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence and, therefore, denies the same.

6.      Moores is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences of paragraph 6 of Plaintiffs' complaint and, therefore, denies the same.  The second sentence of paragraph 6 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence and, therefore, denies the same.

7.      Paragraph 7 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and, therefore, denies the same.

8.      The first sentence of paragraph 8 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence and, therefore, denies the same. Moores lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 8 of the Plaintiffs' complaint and, therefore, denies the same.

9.       Moores admits that it is a New Hampshire corporation with a principal place of business at 33 Littleworth Road, Dover, New Hampshire.  The remaining allegations set forth in paragraph 9 of Plaintiffs' complaint state a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of Plaintiffs' complaint and, therefore, denies the same.

10.      Moores admits the allegations set forth in the first sentence of paragraph 10 of Plaintiffs' complaint.  With respect to the second sentence, Moores admits that Hadley Moores is an owner of Moores Crane Rental Corp. and, in that position, exercises some degree of control over the payroll of the corporation.  Moores denies the remaining allegations set forth in the second sentence of paragraph 10 of Plaintiffs' complaint to the extent inconsistent with the foregoing admission or not contained therein.  The third sentence of paragraph 10 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that an answer is required, Moores lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence and, therefore, denies the same.

11.      Moores admits the allegations set forth in paragraph 11 of Plaintiffs' complaint.

## GENERAL ALLEGATIONS OF FACT

12.      Moores admits the allegations set forth in paragraph 12 of Plaintiffs' complaint.

13.    Moores affirmatively states that the Agreement speaks for itself; and, therefore, Moores denies each and every allegation set forth in paragraph 13 of Plaintiffs' complaint to the extent inconsistent with the Agreement or not contained therein.

14.    Moores affirmatively states that the Agreement speaks for itself; and, therefore, Moores denies each and every allegation set forth in paragraph 14 of Plaintiffs' complaint to the extent inconsistent with the Agreement or not contained therein.

15.    Moores affirmatively states that the Agreement speaks for itself; and, therefore, Moores denies each and every allegation set forth in paragraph 15 of Plaintiffs' complaint to the extent inconsistent with the Agreement or not contained therein.

## COUNT I – VIOLATION OF ERISA –
## DELINQUENT CONTRIBUTIONS AND INTEREST

16.    Defendants restate their answers to paragraphs 1 through 15 as set forth here in full.

17.    Moores admits that it has unwillingly fallen behind schedule in payment of contributions to plaintiffs; but, with respect to the allegations pertaining to specific amounts owed, Moores lacks knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

18.    Moores admits the allegations set forth in paragraph 18 of Plaintiffs' complaint.

19.    Moores admits that it has unwillingly fallen behind schedule in payment of contributions to plaintiffs; but, with respect to the allegations pertaining to specific amounts owed, Moores lacks knowledge sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

20.    Paragraph 20 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiffs' complaint and, therefore, denies the same.

21.    Moores denies the allegations set forth in paragraph 21 of the Plaintiffs' complaint.

22.    Moores is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Plaintiffs' complaint and, therefore, denies the same.

### COUNT II – VIOLATIONS OF LMRA –<br>DUES AND SAC

23.    Defendants restate their answers to paragraphs 1 through 22 as set forth here in full.

24.    Moores affirmatively states that the "remittance reports" speak for themselves and denies each and every allegation set forth in paragraph 24 of Plaintiffs' complaint to the extent inconsistent with the "remittance reports" and not contained therein.  With respect to the remaining allegations set forth in paragraph 24 of Plaintiffs' complaint, Moores lacks knowledge sufficient to form an belief as to the truth of the allegations concerning specific amounts allegedly due and owing and, therefore, denies the same.

25.    The first sentence of paragraph 25 of Plaintiffs' complaint states a legal conclusion to which no response is required; but, and only to the extent that a response is required, Moores affirmatively states that the collective bargaining agreement speaks for itself and, therefore, denies each and every allegation set forth in paragraph 25 that is

inconsistent with the Agreement or not contained therein.  Moores affirmatively states

that the "remittance reports" speak for themselves and, therefore, denies each and every

allegation set forth in paragraph 25 of the Plaintiffs' complaint that is inconsistent with

the "remittance reports" or not contained therein.  Moores is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth

in paragraph 25 of Plaintiffs' complaint and, therefore, denies the same.

26.    Paragraph 26 of Plaintiffs' complaint states a legal conclusion to which no

response is required; but, to the extent that a response is required, Moores lacks

information or knowledge sufficient to form a belief as to the truth of the allegations and,

therefore, denies the same.

**COUNT III – BREACH OF FIDUCIARY DUTY**
**BY DEFENDANT HADLEY MOORE**

27.    Defendants restate their answers to paragraphs 1 through 26 as set forth

here in full.

28.    Moores admits that it deducted amounts from the pay of Gerald Glidden

and also forwarded amounts to the 401(k) fund.  Moores lacks information or knowledge

sufficient to form a belief as to the truth of the remaining allegations set forth in

paragraph 28 of Plaintiffs' complaint and, therefore, denies the same.

29.    Paragraph 29 of Plaintiffs' complaint states a legal conclusion to which no

response is required but, and only to the extent that a response is required, Moores lacks

information or knowledge sufficient to form a belief as to the truth of the allegations and,

therefore, denies the same.

30.    Paragraph 30 of Plaintiffs' complaint states a legal conclusion to which

no response is required but, and only to the extent that a response is required, Moores

7

lacks information or knowledge sufficient to form a belief as to the truth of the
allegations and, therefore, denies the same.

31.    Paragraph 31 of Plaintiffs' complaint states a legal conclusion to which no
response is required but, and only to the extent that a response is required, Moores lacks
information or knowledge sufficient to form a belief as to the truth of the allegations and,
therefore, denies the same.

32.    Paragraph 32 of Plaintiffs' complaint states a legal conclusion to which no
response is required but, and only to the extent that a response is required, Moores lacks
information or knowledge sufficient to form a belief as to the truth of the allegations and,
therefore, denies the same.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' complaint fails to state a claim against defendant Hadley
Moores upon which relief may be granted.

WHEREFORE, Moores respectfully requests that the Court dismiss Plaintiffs'
claims, or, in the alternative, grant judgment in their favor and against Plaintiffs, and
further requests that the Court grant such other and further relief to Moores as is just and
appropriate under the circumstances.

DATED at Portland, Maine, this 22nd day of April, 2005.

/s/ Daniel Murphy
Daniel Murphy, Esq.
Mass. BBO No.: 656021

Attorney for Defendants
Moores Crane Rental Corp.
and Hadley Moores

BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
(207) 774-1200

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY AND
ANNUITY SAVINGS FUNDS, and LOUIS G.
RASETTA and CHRISTOPHER BARLETTA, as they
are TRUSTEES, HOISTING AND PORTABLE
ENGINEERS LOCAL 4 APPRENTICE AND
TRAINING FUNDS and the INTERNATIONAL                    C.A. No. 05.10031 DPW
UNION OF OPERATING ENGINEERS LOCAL 4,
                Plaintiffs

            vs.

MOORES CRANE RENTAL CORP. and HADLEY
MOORES,
                Defendants

            and

KENNEBUNK SAVINGS BANK,
                Trustee.

## CERTIFICATE OF SERVICE

_____

        I hereby certify that on April 22, 2005, I electronically filed the Defendants'
Answer to Complaint, Corporate Disclosure Statement with the Clerk of Court using the
CM/ECF system which will send notification of such filing(s) to the following:  Anne R.
Sills, Esq. and Gregory A. Geiman, Esq.


                                    /s/ Daniel Murphy
                                    Daniel Murphy, Esq.
                                    Mass. BBO No.: 656021

                                    Attorney for Defendants
                                    Moores Crane Rental Corp.
                                    and Hadley Moores

BERNSTEIN, SHUR, SAWYER, & NELSON
100 Middle Street, P.O. Box 9729
Portland, ME 04104-5029
207-774-1200