UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY AND ANNUITY SAVINGS FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4,
Plaintiffs

vs.

MOORE'S CRANE RENTAL CORP. and HADLEY MOORE,
Defendants

and

KENNEBUNK SAVINGS BANK,
Trustee

C.A. No. 05-10031 DPW

## PLAINTIFFS' MOTION TO REOPEN CASE

Plaintiffs Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al., herein respectfully move this honorable Court to reopen the above-captioned case. This Court entered a 90-day Settlement Order of Dismissal on August 4, 2005, upon notification that the parties in this matter had signed a Settlement Agreement. As grounds for this Motion, Plaintiffs state as follows:

1.    The parties to this matter signed a Settlement Agreement ("Agreement") regarding the above-captioned litigation on or about July 21, 2005. A true and accurate copy of the Agreement is attached hereto as Exhibit A.

2. Paragraph 3 of the Agreement states that, upon signing the Agreement, the Defendant would submit to the Plaintiff Funds all remittance reports owed for the period December, 2004 through the date of the Agreement for work conducted by Union members on the Defendant's jobs. Although the Defendant did submit documents concerning three of the relevant months – January, March, and April, 2005 – these documents were not adequate reports as they did not contain the names of the Union members for whom contributions were owed. Without the names, the Plaintiff Funds cannot correctly credit their members for the hours worked by those members. The Defendant has failed to either supplement its reports for the months of January, March, and April, 2005 or to provide any reports whatsoever for the other months requested.

3. Paragraph 4 of the Agreement states that, upon signing the Agreement, the Defendant would take all necessary steps, along with the Funds, to coordinate a payroll audit for the period May, 2004 to the present. The agreed-upon payroll audit has not occurred. The parties' first agreed-upon audit date, September 23, 2005, proved unsuccessful because when the auditor arrived at the Defendant's place of business, he was greeted by an employee who was unable to print the necessary weekly payroll reports from the company's computer system. The auditor was informed that it would be another two weeks before the company would be able to provide said weekly reports. The parties scheduled a second audit date, for October 24, 2005, which was subsequently cancelled by the Defendant. As such, the Plaintiffs have not been able to liquidate the fringe benefit contributions that remain due and owing by the Defendant, if any, and to enter into a subsequent agreement for the payment of those contributions, as contemplated by Paragraph 5 of the Agreement.

4.  As a result of the Defendant's failure to comply with key provisions of the Agreement, the Plaintiff Funds remain unable to fully liquidate the amount owed, and as such, unable to consummate a settlement that would allow for the dismissal of this matter.

WHEREFORE, Plaintiffs respectfully move this honorable Court to reopen the above-captioned case.

> Respectfully submitted,
>
> LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,
>
> By their attorneys,
>
> /s/ Gregory A. Geiman
> Anne R. Sills, Esquire
> BBO #546576
> Gregory A. Geiman, Esquire
> BBO #655207
> Segal, Roitman & Coleman
> 11 Beacon Street
> Suite #500
> Boston, MA 02108
> (617) 742-0208

Dated: November 2, 2005

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel hereby certifies, in accordance with Rule 7.1(A)(2), that prior to filing Plaintiffs' Motion to Reopen Case in this matter he engaged in numerous correspondences with Defendant's counsel Louis Butterfield in a good faith effort to seek the Defendant's compliance with the above-cited provisions of the parties' Settlement Agreement in this matter.

> /s/ Gregory A. Geiman
> Gregory A. Geiman, Esquire

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on 11/2/05

GAG/gag&ts
ARS 3118-05-016/motion-reopen.doc

3

SETTLEMENT AGREEMENT

The International Union of Operating Engineers Local 4 Trust Funds ("Funds"), International Union of Operating Engineers Local 4 ("Union"), Moore's Crane Rental Corp. ("Moore's") and Hadley Moore state as follows:

Whereas, the Funds and Union sued Moore's and Hadley Moore in January, 2005 in <u>Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. v. Moore's Crane Rental Corp. and Hadley Moore's</u>, C.A. No. 05-10031 DPW, to collect $78,709.86 in delinquent contributions owed for the periods December, 2002 through December, 2003 and July through November, 2004, together with interest, fees, costs and damages, and $272.05 in 401(k) contributions; and

Whereas, the Funds have attached a total of $37,829.41 from Moore's bank accounts pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process, dated February 17, 2005; and

Whereas, the parties wish to resolve this matter;

NOW, THEREFORE, the parties agree as follows:

1. Upon signing this Agreement, Moore's will contact Kennebunk Savings Bank and take all necessary steps to release to the Funds the $37,829.41 currently attached pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process; and, upon notification that the attached funds have been released, the Funds and Union shall move the Court for dissolution of any attachment including attachment by trustee process.

2. Within 30 days after the signing of this Agreement, Moore's will pay the balance of the fringe benefit contributions, Union dues, and Social Action Committee Fund contributions owed for the periods December, 2002 through December, 2003 and July through November, 2004, for a total of $45,180.10.

3. Upon signing this Agreement, Moore's will immediately submit to the Funds all remittance reports owed for the period December, 2004 through the date of this Agreement for all work conducted by Union members on Moore's jobs.

4. Upon signing this Agreement, Moore's will take all necessary steps, along with the Funds, to coordinate a time and date for a payroll audit on its premises and allow the Funds' auditor to review its payroll records for the period May, 2004 through the date of the audit.

5. After the payroll audit has been completed, Moore's will agree to enter into a reasonable payment plan for any amounts due and owing for the period May, 2004 to the date of the audit.

6. Further, Moore's will agree to immediately pay all contributions owed to the Annuity and Savings 401(k) Fund through the date of the audit if any such contributions are determined to be due and owing after the payroll audit has been completed.

7. Upon the signing of this Agreement, the Funds and the Union will stay the litigation in <u>Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. v. Moore's Crane Rental Corp., et al.</u>, C.A. No. 05-10031 DPW. Once the attached funds have been released, the remainder of the fringe benefit contributions, Union dues, and Social Action Committee Fund contributions have been remitted, an audit has been completed, and a payment plan has been executed by the parties, the parties shall dismiss the lawsuit without prejudice and with each party to bear its own costs and fees.

Moore's Crane Rental Corp.

Date: 5/23/2005

Hadley Moore

Date: 5/23/2005

International Union of Operating Engineers
Local 4 Trust Funds

Date: 7-21-05

International Union of Operating Engineers
Local 4

Date: 7-19-05

ARS/gag&ts
3118 05-016/settlementagreement.doc