UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY AND ANNUITY SAVINGS FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, DPW<br>Plaintiffs<br><br>vs.<br><br>MOORES CRANE RENTAL CORP. and HADLEY MOORES,<br>Defendants<br><br>and<br><br>KENNEBUNK SAVINGS BANK,<br>Trustee | C.A. No. 05-10031 |

**JOINT STATUS REPORT**

Plaintiffs Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, International Union of Operating Engineers Local 4 Health and Welfare Fund ("Funds") and Defendants Moores Crane Rental Corp. ("Moores Crane") and Hadley Moores jointly submit this status report in accordance with this honorable Court's Order, dated November 29, 2005.

1.   As set forth in Plaintiffs' Motion to Stay Proceedings, the parties entered into and are performing a Settlement Agreement, a true and accurate copy of which is attached hereto as Exhibit A.

2. Upon being advised of the parties' Settlement Agreement, this honorable Court issued a Settlement Order of Dismissal on August 4, 2005, stating that the parties had 90 days to either reopen this action if the settlement was not consummated or to dismiss the proceedings.

3. The Settlement Agreement required Moores to make payments in the aggregate amount of $83,009.51, and Moores fulfilled that obligation.

4. Paragraphs 4 and 5 of the aforementioned Settlement Agreement further require as follows:

> Upon signing this Agreement, Moores's will take all necessary steps, along with the Funds, to coordinate a time and date for a payroll audit on its premises and allow the Funds' auditor to review its payroll records for the period May, 2004 through the date of the audit.
>
> After the payroll audit has been completed, Moores's will agree to enter into a reasonable payment plan for any amounts due and owing for the period May, 2004 to the date of the audit.

5. The parties' first agreed-upon audit date, September 23, 2005, proved unsuccessful because when the Funds' auditor arrived at Moores Crane's place of business, the Defendant's employee was unable to print the necessary weekly payroll reports from the company's computer system. The parties scheduled a second audit date, for October 24, 2005, which was also postponed.

6. Given that an audit had not occurred and a payment plan had not been established within the 90 days set out by the Settlement Order of Dismissal and that, as such, the settlement had not been consummated, the Plaintiff Funds – out of necessity and without objection by Moores Crane – filed their Motion to Reopen Case on or about November 2, 2005. The Court granted the motion on November 29, 2005.

7.  Thereafter, on December 5, 2005, the Funds conducted an audit of Moores Crane's payroll, tax, and earning records for the relevant time period. To date, the Funds' auditor is working to develop a report of his findings.

8.  Once the amount owed by Moores Crane for the period May, 2004 through November, 2005, if any, has been determined, the parties will work expeditiously to enter into a payment plan for that liquidated amount owed. Once the payment plan has been executed, the Plaintiffs will dismiss this lawsuit without prejudice, per the terms of the Settlement Agreement.

    Respectfully submitted,

    LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

    By their attorneys,

    /s/ Gregory A. Geiman
    Anne R. Sills, Esquire
    BBO #546576
    Gregory A. Geiman, Esquire
    BBO #655207
    Segal, Roitman & Coleman
    11 Beacon Street
    Suite #500
    Boston, MA  02108
    (617) 742-0208


    MOORES CRANE RENTAL CORP. and HADLEY MOORES,

    By its attorney,

    Louis B. Butterfield
    Louis B. Butterfield, Esquire
    Bernstein, Shur, Sawyer & Nelson, P.A.
    100 Middle Street, West Tower
    P.O. Box #9729

                           Portland, ME  04104
                           (207) 774-1200

Dated:  December 13, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document has been served by first class mail upon the defendants, Moores Crane Rental Corp. and Hadley Moores, by their attorney Louis Butterfield at Bernstein, Shur, Sawyer & Nelson, P.A., 100 Middle Street, West Tower, P.O. Box #9729, Portland, ME  04104 this 13th day of December, 2005.

                           Gregory A. Gieman
                           Gregory A. Geiman, Esquire

GAG/gag&ts
3118 05-016/statusreport-joint.doc

SETTLEMENT AGREEMENT

The International Union of Operating Engineers Local 4 Trust Funds ("Funds"), International Union of Operating Engineers Local 4 ("Union"), Moore's Crane Rental Corp. ("Moore's") and Hadley Moore state as follows:

Whereas, the Funds and Union sued Moore's and Hadley Moore in January, 2005 in <u>Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. v. Moore's Crane Rental Corp. and Hadley Moore</u>, C.A. No. 05-10031 DPW, to collect $78,709.86 in delinquent contributions owed for the periods December, 2002 through December, 2003 and July through November, 2004, together with interest, fees, costs and damages, and $272.05 in 401(k) contributions; and

Whereas, the Funds have attached a total of $37,829.41 from Moore's bank accounts pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process, dated February 17, 2005; and

Whereas, the parties wish to resolve this matter;

NOW, THEREFORE, the parties agree as follows:

1. Upon signing this Agreement, Moore's will contact Kennebunk Savings Bank and take all necessary steps to release to the Funds the $37,829.41 currently attached pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process; and, upon notification that the attached funds have been released, the Funds and Union shall move the Court for dissolution of any attachment including attachment by trustee process.

2. Within 30 days after the signing of this Agreement, Moore's will pay the balance of the fringe benefit contributions, Union dues, and Social Action Committee Fund contributions owed for the periods December, 2002 through December, 2003 and July through November, 2004, for a total of $45,180.10.

3. Upon signing this Agreement, Moore's will immediately submit to the Funds all remittance reports owed for the period December, 2004 through the date of this Agreement for all work conducted by Union members on Moore's jobs.

4. Upon signing this Agreement, Moore's will take all necessary steps, along with the Funds, to coordinate a time and date for a payroll audit on its premises and allow the Funds' auditor to review its payroll records for the period May, 2004 through the date of the audit.

5. After the payroll audit has been completed, Moore's will agree to enter into a reasonable payment plan for any amounts due and owing for the period May, 2004 to the date of the audit.

6. Further, Moore's will agree to immediately pay all contributions owed to the Annuity and Savings 401(k) Fund through the date of the audit if any such contributions are determined to be due and owing after the payroll audit has been completed.

7. Upon the signing of this Agreement, the Funds and the Union will stay the litigation in <u>Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. v. Moore's Crane Rental Corp., et al.</u>, C.A. No. 05-10031 DPW. Once the attached funds have been released, the remainder of the fringe benefit contributions, Union dues, and Social Action Committee Fund contributions have been remitted, an audit has been completed, and a payment plan has been executed by the parties, the parties shall dismiss the lawsuit without prejudice and with each party to bear its own costs and fees.

Moore's Crane Rental Corp.

Date: 5/23/2005

Hadley Moores

Date: 5/23/2005

International Union of Operating Engineers Local 4 Trust Funds

Date: 7-21-05

International Union of Operating Engineers Local 4

Date: 7-19-05

ARS/gag&ts
3118 05-016/settlementagreement.doc