UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY AND ANNUITY SAVINGS FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, DPW<br>　　　　　　　Plaintiffs<br><br>vs.<br><br>MOORE'S CRANE RENTAL CORP. and HADLEY MOORE,<br>　　　　　　　Defendants<br><br>and<br><br>KENNEBUNK SAVINGS BANK,<br>　　　　　　　Trustee | C.A. No. 05-10031 |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S
## MOTION FOR RELIEF FROM ATTACHMENT

The Plaintiffs, Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, oppose the Defendant's Motion for Relief from Attachment, filed February 23, 2006, on the following grounds:

1.　　The Plaintiffs filed their Motion for Attachment of Personal Property of the Defendant (the "Plaintiffs' Motion") with this honorable Court on February 1, 2006.

2.　　At the time that the Plaintiffs' Motion was filed, it was their belief, based upon a representation made to Trustee Rasetta by Defendant's president Hadley Moore, that Defendant

Moore's Crane Rental Corp. owed the Plaintiffs as much as $150,000.00 in fringe benefit contributions.  See Affidavit of Louis G. Rasetta ("Rasetta Aff."), attached to the Plaintiffs' Motion, par. 14.

3.The Plaintiffs' Motion was therefore filed seeking a writ of attachment in the amount of $158,437.25, incorporating the contributions believed to be owed plus the attorneys' fees and costs incurred by the Plaintiffs in the litigation of the above-captioned matter.

4.On or about February 3, 2006 the Defendant delivered a check for $101,044.36 to the Plaintiffs.  In its Motion for Relief from Attachment, the Defendant claimed to have had a "good faith" belief that its check represented payment of the amount due the Plaintiffs.  The Plaintiffs harbored no such illusion.

5.Upon delivery of the check, Trustee Rasetta represented to Hadley Moore that the Plaintiffs' Motion would be withdrawn upon Plaintiffs' receipt of a check for contributions and interest *after* a full audit had been completed.

6.The Plaintiffs' Trustees have a fiduciary obligation under the Employee Retirement Income Security Act of 1974 ("ERISA") to collect all contributions owed by their signatory employers, and the Plaintiffs had previously been led to believe by the Defendant that there was as much as $50,000.00 in contributions still outstanding.  Further, given the Defendant's poor track record for paying contributions in a timely manner and given the paucity of records provided by the Defendant to the Plaintiffs until very recently, there is no way that the Plaintiffs could be certain that the Defendant does not continue to owe *in excess* of $50,000.00.  See Complaint, par. 17; Rasetta Aff., pars. 12-17.

7. Further, the Defendant's president Hadley Moore's own writing suggests that he, too, was aware that the audit would uncover a further delinquency. In a February 1, 2006 faxed letter to the Plaintiffs, he writes:

> I want you to know that I am serious about paying the benefits in full. I have the money and the check is cut ready to mail. The amount is $101,044.56 *subject to your audit* (emphasis added).

See Exhibit A to Plaintiffs' Motion.

8. Given these facts, and given that the Defendant had informed the Plaintiffs on January 31, 2006 that it was going out of business and selling all of its cranes, the Plaintiffs would have been remiss in their fiduciary obligations if they had forewent an attachment of the Defendant's cranes with the very real probability that the Defendant continued to owe $50,000.00 plus additional, unknown amounts in fringe benefit contributions. Rasetta Aff., par. 18.

9. In keeping to the letter of the parties' Settlement Agreement, a copy of which is attached hereto as Exhibit 1, the Plaintiffs requested that an audit of the Defendant's payroll records for the relevant period be scheduled before they would be willing to forego the attachment of the Defendant's cranes.

10. The Defendant's Motion for Relief from Attachment is incorrect when it suggests that the Plaintiffs are at fault for the fact that an audit report for the year 2005 has not yet been issued. After all, the Defendant failed and refused – until February 3, 2006 – to supply remittance reports to the Plaintiffs for work done during the months of December, 2004, February, 2005 and May through December, 2005. Rasetta, Aff. 12. Moreover, the parties' first agreed-upon audit date, September 23, 2005, proved unsuccessful when the Plaintiffs' auditor arrived at the Defendant's place of business and the Defendant's employee was unable to print

3

the necessary weekly payroll reports from the company's computer system.  Rasetta Aff., par. 9.  The parties scheduled a second audit date, for October 24, 2005, which was also postponed by the Defendant.  Id.  Plaintiffs did admittedly experience internal turnover in January, 2006, which prolonged the process of completing the audit, but this is just one of many factors that resulted in the current situation.  Rasetta Aff., par. 11.

11. In any event, an audit was successfully scheduled for this past Friday, February 17, 2006.  The Plaintiffs have assigned three auditors who are diligently working to date – and will continue to do so – to calculate all shortages, overages, and interest, and to provide the Defendant and this honorable Court with a fully liquidated amount owed the Plaintiffs by the Defendant.

12. In the meantime, given the Defendant's own assertions that more contributions are owed, the Defendant's history of nonpayment, and the Defendant's plan to close its business and sell its cranes, the Plaintiffs contend that this Court's Order granting the Plaintiffs' Motion should be maintained and that a writ should be issued the Plaintiffs for $69,142.25.

13. The foregoing amount includes $48,955.64 in unpaid contributions, which is the difference between the $150,000.00 represented to be owed the Funds by Hadley Moore and the amount paid the Funds by Moore's on February 3, 2006.  It also includes interest on the unpaid contributions in the amount of $5,874.68, and an additional $5,874.68 in liquidated damages, both provided by Section 502 of ERISA.  See 29 U.S.C. §1132 (in action brought to enforce §1145 of ERISA, Court shall award Plan interest on unpaid contributions and an amount equal to greater of the interest on the unpaid contributions or liquidated damages provided for under the Plan).  Finally, also pursuant to Section 502 of ERISA, attorneys' fees and costs totaling

$8,437.25 are owed the Funds.  See Affidavit of Anne Sills, attached to the Plaintiffs' Motion, par. 2.

14. The Plaintiffs will take all necessary steps to have the attachment dissolved once the Defendant has paid the remaining amounts owed.

WHEREFORE, Plaintiffs respectfully request that Defendant's Motion for Relief from Attachment be denied, and that this honorable Court grant Plaintiffs the issuance of a writ in the amount of $69,142.25.

    Respectfully submitted,

    LOUIS G. RASETTA and JOHN J.
    SHAUGHNESSY, as they are TRUSTEES,
    INTERNATIONAL UNION OF
    OPERATING ENGINEERS LOCAL 4
    HEALTH AND WELFARE FUND, et al,

    By their attorneys,

    /s/ Gregory A. Geiman
    Anne R. Sills, Esquire
    BBO #546576
    Gregory A. Geiman, Esquire
    BBO #655207
    Segal, Roitman & Coleman
    11 Beacon Street
    Suite #500
    Boston, MA  02108
    (617) 742-0208
    ggeiman@segalroitman.com

Dated:  February 24, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Opposition to Defendant's Motion for Relief from Attachment has been served by first class mail upon the defendants, Moore's Crane Rental Corp. and Hadley Moore, by their attorney Louis Butterfield at Bernstein, Shur, Sawyer & Nelson, P.A., 100 Middle Street, P.O. Box #9729, Portland, ME  04104  this 24th day of February, 2006.

    /s/ Gregory A. Geiman
    Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 05-016/opposition-motion-reliefattach.doc

SETTLEMENT AGREEMENT

The International Union of Operating Engineers Local 4 Trust Funds ("Funds"), International Union of Operating Engineers Local 4 ("Union"), Moore's Crane Rental Corp. ("Moore's") and Hadley Moore state as follows:

Whereas, the Funds and Union sued Moore's and Hadley Moore in January, 2005 in <u>Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. v. Moore's Crane Rental Corp. and Hadley Moore</u>, C.A. No. 05-10031 DPW, to collect $78,709.86 in delinquent contributions owed for the periods December, 2002 through December, 2003 and July through November, 2004, together with interest, fees, costs and damages, and $272.05 in 401(k) contributions; and

Whereas, the Funds have attached a total of $37,829.41 from Moore's bank accounts pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process, dated February 17, 2005; and

Whereas, the parties wish to resolve this matter;

NOW, THEREFORE, the parties agree as follows:

1. Upon signing this Agreement, Moore's will contact Kennebunk Savings Bank and take all necessary steps to release to the Funds the $37,829.41 currently attached pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process; and, upon notification that the attached funds have been released, the Funds and Union shall move the Court for dissolution of any attachment including attachment by trustee process.

2. Within 30 days after the signing of this Agreement, Moore's will pay the balance of the fringe benefit contributions, Union dues, and Social Action Committee Fund contributions owed for the periods December, 2002 through December, 2003 and July through November, 2004, for a total of $45,180.10.

3. Upon signing this Agreement, Moore's will immediately submit to the Funds all remittance reports owed for the period December, 2004 through the date of this Agreement for all work conducted by Union members on Moore's jobs.

4. Upon signing this Agreement, Moore's will take all necessary steps, along with the Funds, to coordinate a time and date for a payroll audit on its premises and allow the Funds' auditor to review its payroll records for the period May, 2004 through the date of the audit.

5. After the payroll audit has been completed, Moore's will agree to enter into a reasonable payment plan for any amounts due and owing for the period May, 2004 to the date of the audit.

6. Further, Moore's will agree to immediately pay all contributions owed to the Annuity and Savings 401(k) Fund through the date of the audit if any such contributions are determined to be due and owing after the payroll audit has been completed.

7. Upon the signing of this Agreement, the Funds and the Union will stay the litigation in <u>Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. v. Moore's Crane Rental Corp., et al.</u>, C.A. No. 05-10031 DPW. Once the attached funds have been released, the remainder of the fringe benefit contributions, Union dues, and Social Action Committee Fund contributions have been remitted, an audit has been completed, and a payment plan has been executed by the parties, the parties shall dismiss the lawsuit without prejudice and with each party to bear its own costs and fees.

Moore's Crane Rental Corp.

Date: 5/23/2005
Hadley Moore

Date: 5/23/2005

International Union of Operating Engineers
Local 4 Trust Funds

Date: 7-21-05

International Union of Operating Engineers
Local 4

Date: 7-19-05

ARS/gag&ts
3118 05-016/settlementagreement.doc