UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY AND ANNUITY SAVINGS FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, DPW<br>        Plaintiffs<br><br>vs.<br><br>MOORE'S CRANE RENTAL CORP. and HADLEY MOORE,<br>        Defendants<br><br>and<br><br>KENNEBUNK SAVINGS BANK,<br>        Trustee | C.A. No. 05-10031 |

**PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL OF SUIT**

Now come the Plaintiffs, Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. (the "Funds") and I.U.O.E. Local 4 ("Union"), pursuant to Rule 41(a)(2), Fed.R.Civ.P., and move this Court for approval of settlement and issuance of an order of dismissal of the above-referenced suit. As grounds for the instant motion, Plaintiff Funds state as follows:

    1.    This is an action for delinquent contributions brought pursuant to the Employment Retirement Income Security Act, as amended, 29 U.S.C. §1001, et seq. ("ERISA").

The parties to this matter – the Funds, the Union, Moore's Crane Rental Corp. ("Moore's") and Hadley Moore – signed a Settlement Agreement ("Agreement") regarding the above-captioned litigation on or about July 21, 2005. A true and accurate copy of the Agreement is attached hereto as Exhibit A.

2. Upon being advised of the parties' Settlement Agreement, this Court issued a Settlement Order of Dismissal on August 4, 2005, stating that the parties had 90 days to either reopen this action if the settlement was not consummated or to dismiss the proceedings.

3. The Settlement Agreement required Moore's to make payments in the aggregate amount of $83,009.51, and Moore's fulfilled that obligation. However, the Settlement Agreement also required that Moore's undergo a payroll audit for the period May, 2004 through the date of the audit to ensure that no further contributions were owed, and to then enter into a payment plan with the Funds for any amounts determined to be owed.

4. The Plaintiff Funds filed a Motion to Reopen Case on or about November 2, 2005 because payments were not received and the settlement was not fully consummated. The Court granted the motion on November 29, 2005.

5. On December 5, 2005, the Funds' auditor gained access to Moore's payroll records and proceeded with a partial examination of the records.

6. In February, 2006, after the Funds had filed a motion to attach Moore's equipment, Moore's provided the Funds with a check for $101,044.56 in partial payment of contributions owed for the months of May through December, 2005.

7. The results of the payroll audit, incorporating contributions owed through February 3, 2006 (after which time Moore's terminated its collective bargaining agreement and ceased utilizing Local 4 operators), were completed and provided to Moore's on March 24,

2006. The audit demonstrated that, even after Moore's prior payment of $101,044.56, it continued to owe contributions totaling $36,011.61, interest on late contributions totaling $20,195.68, and interest on late 401(k) payments (for which Hadley Moore was personally liable as a fiduciary) totaling $605.56. The Trustees demanded payment. Moore's informed the Funds at that time that it would review the audit report and alert the Funds as soon as possible to any claimed discrepancies.

8.     The Trustees again made demand for payment by letter dated July 26, 2006. Moore's contacted the Funds soon after receiving the July 26, 2006 letter and agreed to settle the above-referenced suit for the total of $36,617.17, the delinquent contributions. However, Moore's informed the Funds that it would require an extension of time beyond the deadline of July 31, 2006 in which to collect and deliver the full settlement amount. The Funds, seeking to settle this matter and to cease bearing the costs of collection, agreed to provide Moore's with a brief extension of time. Moore's delivered a check for $36,617.17 to the Funds via certified mail on August 11, 2006. This check has since been deposited to the Funds' account.

9.     As a result, all contributions owed the Funds have been remitted. The Funds have collected $220,671.00 in contributions, and the full amount of interest due for late 401(k) contributions.

10.    This settlement represented a fair and reasonable effort by the Funds to collect the amounts due. In light of the long history of collection efforts and the difficulties encountered in obtaining payment, the costs associated with further collection efforts would not have been warranted.

11.    The settlement is also fair in light of the fact that, as a condition of settlement, Moore's is no longer signatory to the Union collective bargaining agreement as of February 1,

3

2006 and thus no longer has any obligation to contribute to the Funds. With this Settlement, the Funds no longer run the risk of further delinquency with this contractor.

12. The I.U.O.E. Local 4 Pension Fund's potential claims for withdrawal liability pursuant to the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1383 ("MPPAA"), are under review. MPPAA requires notice, demand, and arbitration. This litigation does not (and cannot) seek the adjudication of any future claim against Moore's for withdrawal liability that the Pension Fund may have. The Proposed Order, attached hereto as Exhibit B, specifically preserves the withdrawal liability claim.

WHEREFORE, the Plaintiff Funds move this Court for the issuance of an order approving the settlement and dismissal of this suit.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Mary T. Sullivan, Esquire
BBO #487130
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108

                                                  (617) 742-0208
                                                  ggeiman@segalroitman.com

Dated: October 4, 2006

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that I have conferred with Defendant's counsel, Louis B. Butterfield, Esquire, by telephone and attempted in good faith to resolve or narrow the issues.

                                                /s/ Gregory A. Geiman
                                                Gregory A. Geiman, Esquire

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Dismissal of Suit has been served by first class mail upon the defendants, Moore's Crane Rental Corp. and Hadley Moore, by their attorney Louis Butterfield at Bernstein, Shur, Sawyer & Nelson, P.A., 100 Middle Street, P.O. Box #9729, Portland, ME 04104 this 4th day of October, 2006.

                                                /s/ Gregory A. Geiman
                                                Gregory A. Geiman, Esquire

GAG/gag&mts&njs&ts
ARS 3118-05-016/motion-approv-settl&dism.doc

SETTLEMENT AGREEMENT

The International Union of Operating Engineers Local 4 Trust Funds ("Funds"), International Union of Operating Engineers Local 4 ("Union"), Moore's Crane Rental Corp. ("Moore's") and Hadley Moore state as follows:

Whereas, the Funds and Union sued Moore's and Hadley Moore in January, 2005 in <u>Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. v. Moore's Crane Rental Corp. and Hadley Moore's</u>, C.A. No. 05-10031 DPW, to collect $78,709.86 in delinquent contributions owed for the periods December, 2002 through December, 2003 and July through November, 2004, together with interest, fees, costs and damages, and $272.05 in 401(k) contributions; and

Whereas, the Funds have attached a total of $37,829.41 from Moore's bank accounts pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process, dated February 17, 2005; and

Whereas, the parties wish to resolve this matter;

NOW, THEREFORE, the parties agree as follows:

1. Upon signing this Agreement, Moore's will contact Kennebunk Savings Bank and take all necessary steps to release to the Funds the $37,829.41 currently attached pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process; and, upon notification that the attached funds have been released, the Funds and Union shall move the Court for dissolution of any attachment including attachment by trustee process.

2. Within 30 days after the signing of this Agreement, Moore's will pay the balance of the fringe benefit contributions, Union dues, and Social Action Committee Fund contributions owed for the periods December, 2002 through December, 2003 and July through November, 2004, for a total of $45,180.10.

3. Upon signing this Agreement, Moore's will immediately submit to the Funds all remittance reports owed for the period December, 2004 through the date of this Agreement for all work conducted by Union members on Moore's jobs.

4. Upon signing this Agreement, Moore's will take all necessary steps, along with the Funds, to coordinate a time and date for a payroll audit on its premises and allow the Funds' auditor to review its payroll records for the period May, 2004 through the date of the audit.

5. After the payroll audit has been completed, Moore's will agree to enter into a reasonable payment plan for any amounts due and owing for the period May, 2004 to the date of the audit.

6.  Further, Moore's will agree to immediately pay all contributions owed to the Annuity and Savings 401(k) Fund through the date of the audit if any such contributions are determined to be due and owing after the payroll audit has been completed.

7.  Upon the signing of this Agreement, the Funds and the Union will stay the litigation in <u>Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al. v. Moore's's Crane Rental Corp., et al.</u>, C.A. No. 05-10031 DPW. Once the attached funds have been released, the remainder of the fringe benefit contributions, Union dues, and Social Action Committee Fund contributions have been remitted, an audit has been completed, and a payment plan has been executed by the parties, the parties shall dismiss the lawsuit without prejudice and with each party to bear its own costs and fees.

Moore's Crane Rental Corp.

Date: 5/23/2005
Hadley Moore

Date: 5/23/2005

International Union of Operating Engineers Local 4 Trust Funds

Date: 7-21-05

International Union of Operating Engineers Local 4

Date: 7-19-05

ARS/gag&ts
3118 05-016/settlementagreement.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY AND ANNUITY SAVINGS FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4, DPW<br>Plaintiffs<br><br>vs.<br><br>MOORE'S CRANE RENTAL CORP. and HADLEY MOORE,<br>Defendants<br><br>and<br><br>KENNEBUNK SAVINGS BANK,<br>Trustee | C.A. No. 05-10031 |

**ORDER FOR DISMISSAL OF SUIT**

This matter, having come before me on the Plaintiffs' Motion for Approval of Settlement and Dismissal of Suit, and upon consideration of the motion and pleadings on file, I find that:

1. All fringe benefit contributions owed to the Plaintiff Funds by the Defendants, $220,671.00, have been paid in full, together with all interest due for delinquent 401(k) contributions.

2. The parties' settlement of the above-referenced matter represents a fair, systematic and reasonable effort by the Funds to collect the amounts due by the Defendants.

2

3. The prejudgment attachment of equipment entered on March 1, 2006 is dissolved.

4. This Order of Dismissal does not adjudicate any future claim for withdrawal liability that the I.U.O.E. Local 4 Pension Fund may have against the Defendants, and is not a bar to any future claim for withdrawal liability.

WHEREFORE, it is hereby ORDERED that the above-referenced suit be dismissed with prejudice and without costs.

SO ORDERED.

_____
The Honorable Douglas P. Woodlock
United States District Court

Dated:_____

GAG/gag&mts&njs&ts
ARS 3118-05-016/order-dismissal.doc